UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lloyd Donders,

*Plaintiff*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.

Case No. 26-cv-1724 (JPC)(GS)

---

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

---

**STEVEN BANKS**
**Corporation Counsel for The City of New York**
**100 CHURCH STREET**
**NEW YORK, NEW YORK 10007**
**Marina Moraru**
**(212) 356-2456**

**Attorneys for Defendant**

**PRELIMINARY STATEMENT**

Defendant New York City Department of Education ("DOE") ("Defendant") submits this Reply Memorandum of Law in further Support of its Motion to Dismiss Plaintiff's First Amended Complaint, filed May 8, 2026,[1] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

In filing the instant action, Plaintiff seeks to shift fees under a federal statute for work performed in two state administrative proceedings. Despite Plaintiff's claims to the contrary, Plaintiff is not entitled to shift fees here. As Plaintiff acknowledges, one of the two proceedings was resolved through a Resolution Agreement, while the other proceeding is not envisioned in the IDEA 20 U.S.C. § 1415(i)(3)(B), and as a result Plaintiff is not entitled to shift fees for work performed in either proceeding.

Because Plaintiff has failed to request relief that this Court can grant, the Court should dismiss the instant action with prejudice.

**ARGUMENT**

1. **Plaintiff Fails to State a Claim for which Relief Can Be Granted regarding IH# 245126**

Plaintiff claims that they are a "prevailing party" in IH# 245126 solely based on the February 21, 2023 Pre-Hearing Conference Order ("PHC Order") requiring DOE to provide educational records. ECF No. 18, p. 8. Plaintiff is incorrect. Despite Plaintiff's claims, that order did not "conclusively resolve[] their claims by granting enduring judicial relief on the merits that materially altered the legal relationship between the parties." *Lackey v. Stinnie,* 604 U.S. 192 (2025). Furthermore, the March 6, 2023 signed Resolution Agreement resolved **both** the Independent Educational Evaluations ("IEEs") issue **and** the educational records issue. *See* ECF 16-3.

---

[1] Defendant's initial memorandum in support inadvertently referenced Plaintiff's Complaint filed March 3, 2026 instead of the May 8, 2026 Amended Complaint.

Plaintiff relies on *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.,* 873 F.3d 406, 413 (3d Cir. 2017) for the proposition that vindicating a right in an administrative hearing is sufficient to convey prevailing party status, but that claim is unavailing here. In *H.E.,* the plaintiff prevailed on a summary judgment claim in federal court, earning the right to bring an administrative due process claim that ultimately resulted in a decision on the merits. Here, the IHO issued an order well before the merits could be adjudicated, and the parties ultimately reached a settlement. Thus, Plaintiff failed to vindicate any right guaranteed by the IDEA in the administrative proceeding, procedural or substantive, and the matter was resolved without judicial intervention. Notably, the IDEA does not allow for the recovery of fees incurred during resolution sessions. *See D.D. v. District of Columbia*, 470 F. Supp. 2d 1, 2 (D.D.C. 2007) ("It is undisputed that attorneys' fees for time actually spent at a resolution session pursuant to 20 U.S.C. § 1415(f)(1)(B)(i) generally are not compensable under the IDEIA.")

Because IH# 245126 was resolved through settlement and parent did not achieve prevailing party status, Plaintiff has failed to state a claim for which relief can be granted. Alternatively, the Court should deny attorney's fees as a matter for discretion.

2.  **Plaintiff is Not a Prevailing Party Pursuant to the IDEA in IH# 246183**

Despite Plaintiff's claim that IH# 246183 was an IDEA due process hearing, this proceeding concerned services provided by Defendant pursuant to New York State IESPs. A review of parent's February 23, 2023 DPC (ECF 16-4), June 9, 2023 Amended DPC (ECF 16-5) and the September 26, 2023 FOFD (ECF 16-6) shows that while the underlying DPC requested educational records, that claim was not included in the Amended DPC. Instead, the Amended DPC included a claim for IEEs, which was denied by the IHO. The only claims Plaintiff prevailed on were claims related to student's IESP services. While Plaintiff notes the "child find" exception in

2

their opposition memo (*see* p. 5 of the memo), Plaintiff does not contend that DOE failed to meet its obligations pursuant to the IDEA's "child find" provision.

Because IESPs are not contemplated in 20 U.S.C. § 1415, and because the IDEA's due process procedures do not apply to them, including 34 C.F.R. §300.517, the regulation that implements 20 U.S.C. § 1415(i)(3)(B), Plaintiff's contention that they are a prevailing party in an IDEA administrative proceeding is incorrect. Plaintiff is not entitled to shift fees for prevailing in state administrative actions that are not envisioned by the IDEA. In other words, Plaintiff has not raised a federal question conferring subject matter jurisdiction on this Court. *See e.g., Law Office of Philippe J. Gerschel v. N.Y.C. Dep't of Educ.,* 2025 U.S. Dist. LEXIS 193977 (S.D.N.Y. Sept. 30, 2025); *Manos v. N.Y.C. Dep't of Educ.,* 2026 U.S. Dist. LEXIS 43104 (S.D.N.Y. Mar. 3, 2026); *Chera v. N.Y.C. Dep't of Educ.,* 2026 U.S. Dist. LEXIS 80731 (S.D.N.Y. April 8, 2026).

Because parent only prevailed on claims related to student's IESPs in IH# 246183, Plaintiff has failed to raise a claim that falls under the IDEA's fee shifting provision, and this Court lacks subject matter jurisdiction to award the fees sought by Plaintiff.

## <u>CONCLUSION</u>

For all of the reasons stated herein, and for all the reasons stated in Defendant's initial memorandum in support, Defendant respectfully requests that the Court dismiss this matter in its entirety and grant any and all further relief the Court may deem just and proper.

Dated:      June 29, 2026
            New York, New York

                          **STEVEN BANKS**
                          Corporation Counsel of the
                          City of New York
                          *Attorney for Defendant*
                          100 Church Street
                          New York, New York 10007

                By:     */s/ Marina Moraru*

Marina Moraru, Esq.
Special Assistant Corporation Counsel
(212) 356-2456
mmoraru@law.nyc.gov

4

**<u>CERTIFICATE OF COMPLIANCE</u>**

Counsel of Record hereby certifies that this brief complies with the word-count limitation of Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York. Excluding the cover page, caption, any index, table of contents, table of authorities, signature blocks, and required certificate, but including material contained in footnotes, this brief contains approximately 867 words, which is less than the total words of 3,500 permitted by Local Rule 7.1(c). Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:      New York, New York
            June 29, 2026

/s

Marina Moraru
*Assistant Corporation Counsel*

5