UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lloyd Donders,

*Plaintiff*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.

Case No. 26-cv-1724 (JPC)(GS)

**DEFENDANT'S ADDITIONAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

**STEVEN BANKS**
**Corporation Counsel for The City of New York**
**100 CHURCH STREET**
**NEW YORK, NEW YORK 10007**
**Marina Moraru**
**(212) 356-2456**

**Attorneys for Defendant**

**PRELIMINARY STATEMENT**

Defendant the New York City Department of Education ("DOE" or "Defendant") submits this supplemental brief in further support of its Motion to Dismiss Plaintiff's Complaint in accordance with the Court's August 12, 2026 Order issued at oral argument. For all the reasons stated in Defendant's Initial and Reply Memorandums in Support and expounded upon below, the Complaint should be dismissed.

**ARGUMENT**

1. **Plaintiff is not entitled to fee-shifting for IH# 245126**

   a) **Plaintiff fails to state a claim for which can be granted for IH# 245126**

Plaintiff claims that they are a "prevailing party" in IH# 245126 solely based on the February 21, 2023 "Pre-Hearing Conference Summary and Order" ("Pre-Hearing Order") requiring DOE to provide educational records. She is not.

To be entitled to an award of attorney's fees and costs pursuant to a fee shifting statute, a party must achieve a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001). In *Buckhannon,* the Supreme Court provided clear guidance as to whether a party is entitled to fees and costs:

> We have only awarded attorney's fees where the plaintiff has received a judgment on the merits, see, *e.g.*, *Farrar, supra*, at 112, or obtained a court-ordered consent decree, *Maher, supra,* at 129-130 -- we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict, see *Hanrahan, supra*, at 759, or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by '*judicial* relief,' *Hewitt, supra*, at 760 (emphasis added). Never have we awarded attorney's fees for a nonjudicial 'alteration of actual circumstances.' *Post*, at 13."

*Id.* p.606.

In recent years, the Supreme Court has been even more direct, stating that a party who receives interim relief, no matter how "lasting [or] merits-based" cannot be considered a prevailing party entitled to shift fees and costs. *Lackey v. Stinnie,* 604 U.S. 192 (2025). As the Court found in *Lackey:*

> "The Court's holding in this case—that the enduring nature of that change must itself be judicially sanctioned—follows naturally from *Sole* and *Buckhannon*. A plaintiff who wins a transient victory on a preliminary injunction does not become a 'prevailing party' simply because external events convert the transient victory into a lasting one."

*Id.*, p.193. The Supreme Court has described this as a "straightforward, bright-line rule." *Id.*

In an IDEA due process proceeding, a final determination on the merits is issued in the form of a findings of fact and decision ("FOFD") in which the impartial hearing officer ("IHO") determines if the student at issue has been denied access to educational opportunities, usually including a free and appropriate public education ("FAPE") due to DOE's alleged substantive and procedural failures.

In the instant action, Plaintiff seeks fees associated with IHO Case No. 245126. In that matter, Plaintiff's client did not allege a denial of FAPE, but instead sought funding for a series of independent educational evaluations ("IEEs") and access to educational records. On February 21, 2023, IHO Leah Martin issued a Pre-Hearing Order which scheduled necessary submissions in anticipation of a hearing on the merits to occur on March 23, 2023. The order also required DOE to provide the parent with a copy of the student's complete educational records on or before March 16, 2023. Before that date, on March 6, 2023, the parties settled and the case was closed.

Plaintiff argues that the Pre-Hearing Order by itself is sufficient to convey prevailing party status. It is not. First, the Pre-Hearing Order is clearly an interim order, not a final order on the merits. The fact that the IHO ordered the transmission of records does not by itself convey

prevailing party status. The record reflects that the order in question was nothing more than a preliminary order setting the stage for a later hearing on the merits. The Pre-Hearing Order was therefore "a 'fleeting success' that 'did not establish that [the plaintiff] prevailed on the gravamen of her plea for…relief,' one 'tentative [in] character, in view of the continuation of the litigation to definitively resolve the controversy.'" *Lackey,* 604 U.S. at 203.

The interlocutory Pre-Hearing Order cannot be read as a final order because it was never reviewable. State regulations governing the practice of appeals from the decisions of IHOs related to matters concerning the provision of a FAPE to a student with a disability limit appeals from an IHO's interim determination to those involving pendency disputes. *See e.g.,* 8 NYCRR § 279.10[d] ("Appeals from an impartial hearing officer's ruling, decision, or failure or refusal to decide an issue prior to or during a hearing shall not be permitted, with the exception of a pendency determination made pursuant to subdivision 4 of section 4404 of the Education Law. However, in an appeal to the Office of State Review from a final determination of an impartial hearing officer, a party may seek review of any interim ruling, decision, or failure or refusal to decide an issue.")

Because pre-hearing orders cannot be appealed, they are more akin to scheduling and discovery orders in civil cases. Thus, much like discovery disputes in federal court, the underlying Pre-Hearing Order was "'merely a preliminary step' to obtain information for use in some other proceeding, and thus…nothing more than 'disputes over minor details about how a…case will unfold'…. This rule is 'in harmony with the accepted view that discovery decisions in civil cases are not final orders appealable as of right.'" *In re Genger,* 2025 U.S. Dist. LEXIS 112317 (S.D.N.Y. June 12, 2025). (internal citations omitted). Such an order cannot satisfy the "bright-line rule" contemplated by the Supreme Court in *Lackey.*

Even if this Court found that the order requiring the provision of educational records resolved a portion of Plaintiff's client's request, that order did not find that DOE had violated Plaintiff's client's rights by failing to provide the records before February 21, 2023 or find that any injury had arisen from that alleged procedural violation. *See e.g., TransUnion LLC v. Ramirez*, 594 U.S. 413, at 440 (2021), holding that "without any evidence of harm caused by the [procedural violation of the Fair Credit Reporting Act], these are 'bare procedural violation[s], divorced from any concrete harm." Indeed, the Second Circuit, when affirming a decision finding that plaintiff's child was not a "child with a disability" entitled to a FAPE under the IDEA, held that the procedural error of denying access to their child's school records, assuming it occurred, is insufficient since "[parents] fail to sufficiently describe the prejudice they suffered as a result." *N.C. v. Bedford Cent. Sch. Dist.*, 300 Fed. Appx. 11 (2nd Circ. 2008)

Plaintiff's claim to prevailing party status rests on the proposition that his client was denied access to educational opportunities due to the failure to timely produce educational records, but that claim was never resolved by the IHO. While Plaintiff alleges that educational records were necessary to conduct the necessary IEEs, DOE agreed to both produce the educational records in question and conduct the requested IEEs pursuant to the March 6, 2023 settlement agreement. *See e.g., Mr. L. v. Sloan,* 449 F.3d 405 (2d. Cir. 2006) (finding that a "purely private" settlement agreement at the administrative level does not merit a finding that a parent is a prevailing party.) Thus, even accepting Plaintiff's claim that DOE procedurally violated the IDEA and denied his client access to educational records, and accepting that the IHO's order would have resolved the alleged denial of education records on March 16, 2023, that claim alone is insufficient to convey prevailing party status in light of the eventual resolution of that claim via settlement.

Because IH# 245126 was resolved through settlement, and because no final order on the merits was ever issued, the parent did not achieve prevailing party status and Plaintiff has failed to state a claim for which relief can be granted.

**b) <u>Plaintiff's fee-claim for IH# 245126 is also barred by the statute of limitations</u>**

Plaintiff claims that prevailing party status in IH# 245126 is solely based on the February 21, 2023 Pre-Hearing Order requiring DOE to provide educational records. Thus, if the Court accepts that the Pre-Hearing Order conferred prevailing party status, Plaintiff's fee-shifting claim is nonetheless barred by the applicable statute of limitations and should be dismissed with prejudice.

As the Court noted in *Lindow v. Bd. of Educ. of the Fayetteville Manlius Cent. Sch. Dist.*, 2005 U.S. Dist. LEXIS 50739 (N.D.N.Y. 2005), 20 U.S.C. 1415 (i)(3)(B) does not specify within what time period the prevailing party must apply for attorney's fees. According to the Supreme Court, where there is no federal statute of limitations, the statute of limitations for a federal cause of action is determined by looking to the most appropriate statute of limitations provided under the law of the forum state. *See UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966).

"The courts in this circuit have held that New York Civil Practice Law and Rules § 214(2) provides the most appropriate New York state statute of limitations for actions seeking attorney's fees under IDEA. […]. Section 214 (2) applies to actions seeking 'to recover upon a liability ... created or imposed by statute' and prescribes a three year statute of limitations for commencement of such actions." *See Lindow*, at 6. The Court in *Lindow* granted Defendant's motion to dismiss since the IDEA fees action was not commenced within 3 years of the accrual of the cause of action, i.e. within 3 years after parent became a prevailing party.

Here, Plaintiff filed the federal action on March 3, 2026, more than 3 years after the February 21, 2023 Pre-Hearing Order which Plaintiff argues conveyed prevailing party status. Just a year ago, Judge Failla held in *Network Apps, LLC v. AT&T Mobility LLC*, 778 F. Supp. 3d 610 (S.D.N.Y. April 15, 2025): "[a]lthough the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint. […] *Where the complaint 'clearly shows the claim is out of time,' it should be dismissed with prejudice.*" (citing to *Troni v. Holzer*, No. 09 Civ. 10239 (WHP), 2010 U.S. Dist. LEXIS 79670, 2010 WL 3154852, at *2, *5 (S.D.N.Y. July 29, 2010) (emphasis added).

As discussed above, an interim order cannot convey prevailing party status. However, if such an order is found to convey prevailing party status, that same order must then trigger the accrual of a cause of action for attorney's fees. *Lindow,* 2005 U.S. Dist. LEXIS 50739 ("Thus, accrual of a cause of action for attorney's fees first occurs when plaintiff has become a prevailing party.") *See, also, Robert D. v. Sobel*, 688 F.Supp.861, 864 (S.D.N.Y. 1988) (stating that plaintiffs' cause of action for attorney's fees accrued on the day of the hearing officer's determination in favor of plaintiffs).

Accordingly, if this Court finds that Plaintiff is a prevailing party based on the February 21, 2023 Pre-Hearing Order, Defendant respectfully requests that the Court find the fee claim in connection with IH# 245126 is barred by the applicable statute of limitations and dismiss the claim with prejudice.

**2. <u>Plaintiff is Not a Prevailing Party Pursuant to the IDEA in IH# 246183</u>**

Despite Plaintiff's claim that IH# 246183 was an IDEA due process hearing, this proceeding concerned services provided by Defendant pursuant to New York State IESPs.

Plaintiff's counsel argues that the IESP cases he brings also include claims for IEEs, allegations of child find violations, etc. However, the only claims Plaintiff prevailed on in this case were the claims related to student's IESP services. The educational records claim in the original DPC was not included in the Amended DPC, and the claim for IEEs in the Amended DPC was denied by the IHO.

While Plaintiff noted the "child find" exception in their opposition memo and during oral argument, Plaintiff did not contend that DOE failed to meet its obligations pursuant to the IDEA's "child find" provision in this case. Further, In *Law Office of Philippe J. Gerschel v. N.Y.C. Dep't of Educ.,* 2025 U.S. Dist. LEXIS 193977 (S.D.N.Y. Sept. 30, 2025), Judge Garnett found that "the very statute Plaintiff cites only requires states to develop and implement 'a practical *method* . . . to determine which children with disabilities are currently receiving needed special education and related services…[n]othing in Plaintiff's allegations suggests that the underlying complaints alleged that the state lacked a 'method' for determining the children currently receiving special education services." Here, as in *Gerschel,* the underlying case did not allege any dereliction by DOE of its "child find" obligation, either individually or systemically. Thus, even accepting that the "child find" provision could grant this Court jurisdiction over Plaintiff's claims, that exception does not apply here.

Because parent only prevailed on claims related to student's IESPs in IH# 246183, Plaintiff has failed to raise a claim that falls under the IDEA's fee shifting provision, and this Court lacks subject matter jurisdiction to award the fees sought by Plaintiff.

**CONCLUSION**

For all of the reasons stated herein, and for all the reasons stated in Defendant's initial and reply memorandums in support, Defendant respectfully requests that the Court dismiss this matter in its entirety and grant any and all further relief the Court may deem just and proper.

Dated: September 2, 2026
New York, New York

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007

By: *__/s/ Marina Moraru__*
Marina Moraru, Esq.
Special Assistant Corporation Counsel
(212) 356-2456
mmoraru@law.nyc.gov

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that this brief complies with the word-count limitation of Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York. Excluding the cover page, caption, any index, table of contents, table of authorities, signature blocks, and required certificate, but including material contained in footnotes, this brief contains approximately 2,240 words, which is less than the total words of 3,500 permitted by Local Rule 7.1(c). Counsel relies on the word count function of the computer program used to prepare this brief.

Dated: New York, New York
September 2, 2026

/s

Marina Moraru
*Assistant Corporation Counsel*